department, entered June 21, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was in ejectment. The complaint described two parcels, one to the east and the other to the west of defendant's railroad tracks along the shore of the Hudson river in the town of Cortlandt, Westchester county, both parcels having originally been below high-water mark, as parts of bays or coves on the eastern side of said river. In straightening its tracks the defendant filled in one of these parcels, and in part appropriated the other parcel under a land grant or patent from the state of New York for this and other submerged lands on the river, dated December 26, 1873. The question was whether the royal grant by letters patent of June 17, 1697, to Stephanus Van Cortlandt, creating Cortlandt manor, had included these submerged lands. The trial court held that it did and that consequently the state of New York had no title to grant to the defendant.

*John F. Brennan* for appellant.

*Frank M. Avery* and *Earl A. Darr* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CLARA A. HALE et al., Respondents, *v.* MICHAEL H. RIPTON, Appellant.

*Contract — clause in public contract that contractor will be responsible for or repair any damage caused in execution of work — when owner of building may recover thereunder from contractor for damage to building arising from prosecution of work.*

*Hale* v. *Ripton,* 197 App. Div. 926, affirmed.

(Argued December 4, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 20, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages to a building

known as the Aqueduct Building, the property of the plaintiffs, being a six-story factory and loft building situate in the city of Rochester, N. Y., just west of the Genesee river and north of the Erie canal. The defendant, a contractor, had contracted with the city of Rochester for the construction of the Graves street tunnel sewer, which ran in a northerly direction under Graves street from a point under the plaintiffs' building to Main street. It was claimed that by reason of the work plaintiffs' building settled causing damage to the walls, shafting and doors. The alleged cause of action was based upon certain provisions of the contract whereby the contractor agreed to be responsible for and repair any damage arising from the carrying out of the contract.

*Arthur V. D. Chamberlain* for appellant.

*William F. Strang* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Not voting: McLAUGHLIN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE CHATEAUGAY ORE AND IRON COMPANY et al., Appellants.

*Real property — title — trespass — state lands — boundaries.*

*People* v. *Chateaugay Ore & Iron Co.*, 198 App. Div. 173, affirmed. (Argued December 4, 1922; decided January 9, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 3, 1921, affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was brought to recover damages for trespass and cutting timber upon state lands in township No. 5, Old Military Tract, Clinton county, on lots 130, 171, 190 and 231, as numbered and described in the Hannah Murray map, so called. At the time this action was begun the state owned a block of lots in the southeast corner of this township. The Chateaugay Ore.