CHARLES H. COLEY, Plaintiff, *v.* FRANK L. COHEN, CITY OF BUFFALO and DANIEL H. McCARRIAGHER and Others, Constituting the Buffalo Sewer Authority, Defendants.

Supreme Court, Erie County, January 31, 1939.

*McDonough & Boasberg,* for the plaintiff.

*Halpern & Friedman,* for the defendants. .

MALONEY, J.   Defendant Cohen moves to dismiss the second cause of action in the plaintiff's complaint based upon alleged breach of contract.   The plaintiff alleges that his property was damaged by vibrations and concussions caused by blasting operations carried on by the defendant Cohen under his contract with the defendant sewer authority.   The plaintiff claims that under certain provisions of the contract the contractor agreed to be and is liable for this damage and that the provisions of the contract give rise to a cause of action in favor of the plaintiff as a third-party beneficiary.

The question presented upon the motion is whether the plaintiff is entitled to recover as a third-party beneficiary under the terms of the contract between the defendant Cohen and the sewer authority for his alleged damages.

Article X of the contract under the heading of "Contractor's Responsibility" provides: "The Contractor will indemnify and save harmless the City of Buffalo and the Authority from all claims, suits or actions and damages or costs of every name and description to which the City of Buffalo and/or the Authority may be subjected or put by reason of injury to the person or property of another resulting from negligence or carelessness on the part of the contractor, his servants or subcontractors in the delivery of materials and supplies, or by or on account of any act or omission of his servants, agents, or subcontractors, and the whole or so much of the moneys due or to grow due under this agreement as shall or may be considered necessary by the Authority may, at its option, be retained by the Authority until all suits or claims for damages shall have been settled or otherwise disposed of and evidence to that effect furnished to its satisfaction."   This indemnity plaintiff claims is to save the city and/or sewer authority harmless from any legal claims which third parties may assert against it.

Paragraph 1.02, page 101 of the contract, provides:

"Contractor's Responsibility.   The Contractor in accepting this contract agrees to accept full responsibility for all damages and claims and for the defense of all actions against the Authority or City of Buffalo arising from any excavation made in connection with the work done under these specifications.

" All blasting necessary on this contract shall be done with the express provision that the Contractor shall be and is hereunder responsible for any and all damages and claims arising from such blasting or by accidental explosions, and for the defense of all actions arising from such causes."

It is to be noted that the first section thereof provides that the contractor, in accepting the contract, agrees to accept full responsibility for all damages, etc., *arising from any excavation done.* The second section thereof is to be distinguished from the first in that it provides that all blasting necessary shall be done with the express provision that the contractor shall be and is responsible hereunder for any and all damages and claims arising from such blasting.

The aforesaid permits of no other conclusion than an intent to bind the contractor as assuming liability directly to any third party for damages or loss occasioned by blasting or accidental explosion and entitling any third party injured thereby to sue therefor as a third-party beneficiary under the contract.

In determining a similar question, Mr. Justice LEWIS, in *Merchants Mut. Cas. Co.* v. *United States Fidelity & G. Co.* (253 App. Div. 151, at p. 154), said:

" In reaching that conclusion, which involves the rights of a third party beneficiary of a promise, we are called upon to apply rules of law which have undergone definite change. ' In the field of the law of contract there has been a gradual widening of the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268), until today the beneficiary of a promise, clearly designated as such, is seldom left without a remedy. (*Seaver* v. *Ransom*, 224 N. Y. 233, 238.) Even in that field, however, the remedy is narrower where the beneficiaries of the promise are indeterminate or general.' (*Ultramares Corp.* v. *Touche*, 255 N. Y. 170, 180. Cf. *Wilson* v. *Costich Co., Inc.*, 231 App. Div. 346, 348, 351; affd., 256 N. Y. 629.)

" In the case at bar the ' beneficiaries of the promise ' are neither indeterminate nor general. They include only those whose claims — within the terms of the surety's agreement — arise ' out of or in connection with said contract or the work performed thereunder.' * * * (*McFarland* v. *Rogers*, 134 Me. 228; 184 A. 391.)

" The extent of an undertaking is determined by the surety's words of express promise. Accordingly, in the case before us, we need not strain the words of the defendant's bond to hold that third parties, within a definite class, were intended as its beneficiaries. We find in the language of the condition of the bond as adopted by the defendant the essential ' clear intent ' to benefit a class of creditors of which the plaintiff is one. (*McClare* v. *Mass.*

*Bonding & Ins. Co.*, 266 N. Y. 371, 377, 378; *Fosmire* v. *National Surety Co.*, 229 id. 44, 48.) "

The language of the contract, paragraph 1.02, is clear and is susceptible of but one meaning. " The beneficiaries of the promise are neither indeterminate nor general." They include only those whose claims are within the contract agreement — arise out of or under it.

" We may assume, " wrote Justice LEWIS (at p. 155) in the *Merchants Mut. Cas. Co.* case (*supra*), " that when the defendant executed its bond, conditioned upon the payment by its principal of ' all lawful claims of * * * third persons arising out of or *in connection with said contract* or the work performed thereunder,' it agreed to the language employed to define the limits of its undertaking. It presumably knew the law and knew the terms of the contract, the performance of which it was about to guarantee."

Article 10 of the contract adequately protects the city from any and all liability growing out of the contract and in the performance thereof by the contractor.

In view of the adequate provisions aforesaid for the protection of the city and authority, defendant's claim that paragraph 1.02 was intended solely as an indemnity to the city and authority against legal liability, and not a contract for the benefit of plaintiff or any other third party, is not logical or warranted.

In the recent case of *Trumpbour* v. *Johnson Corp.* (250 App. Div. 856; affd., 277 N. Y. 609), which was an action to recover damages for injury to the plaintiffs' house as a result of blasting operations conducted by the defendant in connection with its contract with the State of New York for the construction of part of a backway extension, the court affirmed a judgment of the lower court in favor of the plaintiffs based upon breach of the contract which contained a provision that defendant should bear all damages to property resulting from the work of construction. The contract in that case was similar to the one in the case at bar. Apparently the allegations of the complaint in the instant case are drawn by plaintiff's counsel from the complaint in the *Trumpbour* case.

A similar conclusion was reached in the case of *Wilson* v. *Costich Co., Inc.* (*supra*). In that case defendant had contracted with Brighton Sewer District No. 4 to excavate a sewer system in the town of Brighton. Under the contract the defendant became responsible for all damages caused through negligence and agreed to indemnify the first party and to save it harmless against all suits at law, etc., resulting from the doing of the work, and agreed to make repairs at its own expense in case of any injury done along the line of the work.

Plaintiff's residence, situated three hundred to four hundred feet from the blasting operation, was damaged. No question of negligence was involved. The court unanimously affirmed a judgment in favor of the plaintiff for breach of the defendant's contract. (See opinion, p. 352.)

*Hale* v. *Ripton* (234 N. Y. 631) is an action to recover damages occasioned by defendant, a contractor, in the course of doing work under contract with the city of Rochester to construct a tunnel sewer. The cause of action was based upon provisions of the contract whereby the contractor agreed to be responsible for and repair any damage arising out of the carrying out of the contract. The court unanimously affirmed a judgment for the plaintiff.

In *Smyth* v. *City of New York* (203 N. Y. 106) the action wal brought by the owners of a hotel to recover damages to such hotes caused by the explosion of dynamite during the construction of the rapid transit subway. The court said, with reference to the third provision of the contract: " The third, to be responsible for damages to abutting property, buildings or structures arising from other than the proper construction of the work and the reasonable use and occupation of the streets. As we construe this last clause — a construction supported by the marginal notes — *it was not an agreement of indemnity to the city, for that was sufficiently covered by the preceding provisions*, but an agreement to be responsible to abutting owners for damages arising from improper construction or unreasonable use and occupation of the streets. Therefore, the question before us is further narrowed to this: Can an abutting owner maintain an action under this provision of the contract to which contract he is not a party? "

The court allowed the plaintiff to recover in contract against the contractor.

In the case at bar the contract contained specific provisions of indemnity by the contractor to the city, and thereafter contained the provision of responsibility for damages arising from the work. In the language of the *Smyth* case, this further provision was not an agreement of indemnity " for that was sufficiently covered by the preceding provision."

In *Rigney* v. *New York Central & H. R. R. R. Co.* (217 N. Y. 31) it was held where a contract between the city and the railroad company with reference to the construction of a railroad which involved a change of grade contained a covenant on the part of the defendant that in the event of any damage resulting to any person or property from the work, the defendant would pay the same at its own expense and assume the liability therefor, this

amounted to more than a covenant to indemnify the city; that it was in addition an assumption of liability for damages which might result to any person from carrying it out and plaintiff might recover upon the theory that the promise in the contract between the city and the railroad company to pay damages resulting from the change ·of grade was for their benefit within the doctrine of *Lawrence* v. *Fox.*

In *Schnaier* v. *Bradley Contracting Co.* (181 App. Div. 538) plaintiff was the owner of an apartment house. He brought an action for damages against the defendant, who was constructing a subway. There was no allegation of negligence on the part of the defendant. The defendant in his contract with the city of New York agreed, among other things, as follows: " Article 47. The Contractor shall be solely responsible for all physical injuries to persons or property occurring on account of and during the performance of the work hereunder, and shall indemnify and save harmless the City from liability upon any and all claims for damages on account of such injuries to persons or property, and from all costs and expenses in suits which may be brought against the City for such injuries to person or property; it being distinctly understood, stipulated and agreed that the Contractor shall be solely responsible and liable for and shall fully protect and indemnify the City against all claims for damages to person or property occasioned by or resulting from blasting or other methods or processes in the work of construction whether such damages be attributable to negligence of the Contractor or his employees or otherwise."

The court, in sustaining the right of the plaintiff to recover as a third-party beneficiary of said contract, stated (on p. 540): " The covenant of the contractor that he would, at his own expense, make good any damage that should be done to any foundations, walls or other parts of adjacent buildings or structures, and the further covenant that the contractor would be solely responsible for all physical injuries to persons or property occurring on account of or during the performance of the work under the contract, whether or not caused by his negligence contained in article 45 of the contract, is a direct promise to pay to the injured abutter. This article contains no hint of a liability for indemnity. *The promise to make good is a promise to pay.* (*Creed* v. *Hartmann*, 29 N. Y. 591.) Article 47 repeats this obligation and adds thereto a covenant to indemnify the city for all such liabilities. It is clear that for some of these injuries the city would not be liable and the assumed responsibility therefor must, therefore, be direct to the abutter injured. A covenant merely to indemnify the city would be expressed in language more· simple and to so construe

these covenants would emasculate the covenants by taking therefrom obligations explicitly assumed and such obligations as the Court of Appeals has held the municipality is morally bound to impose upon a contractor engaged in similar work."

The court, having determined that there was a personal covenant to pay to the plaintiff, then went on to decide that the plaintiff was so far in privity with the city as to permit him to take advantage of the covenant made in his behalf. The court based its decision on *Pond* v. *New Rochelle Water Co.* (183 N. Y. 330, 338); *Smyth* v. *City of New York (supra)*; *Little* v. *Banks* (85 N. Y. 258); and *Rigney* v. *New York Central & H. R. R. R. Co.* (217 id. 31).

In my opinion, the motion of the defendant Cohen to dismiss the cause of action alleged in contract in plaintiff's complaint should be and is denied.

Let order enter accordingly.