■ CHARLES H. GRIFFITHS, Respondent, v. YONKERS CONTRACTING CO., INC., Appellant, et al., Defendant. (Action No. 1.) LEE P. DAVIS, Respondent, v. YONKERS CONTRACTING CO., INC., Appellant. (Action No. 2.) — Appeal by defendant in Action No. 1 and Action No. 2 from separate judgments of the County Court, Westchester County, entered against it in each action after a consolidated trial on stipulated facts. Judgments unanimously affirmed, with costs. Defendant contracted with the County of Westchester to do certain excavating work. The contract concededly contained a third-party beneficiary provision benefiting a class to which plaintiffs belong. The actions were instituted on that contract to recover damages for injuries to plaintiffs' properties caused by blasting during the course of the work. Defendant contends that said provision, under which it accepted responsibility for all damage done as a result of said work and obligated itself to " restore or repair at [its] * * * own expense * * * such property as was damaged during the prosecution of the work", set up conditions precedent to direct action which concededly were not complied with by plaintiffs. This contention was rejected in Hale v. Ripton (234 N. Y. 631), where a similar contract was considered. Present — Beldock, Acting P. J., Murphy, Ughetta and Hallinan, JJ. [See 2 A D 2d 706.]

■ FRANK V. HAMILL, Respondent, v. NEW YORK STATE GAS & ELECTRIC Co. et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from an order dated January 17, 1956, granting plaintiff's motion for a preference and from an order dated February 9, 1956, denying their motion for a change of the place of trial from Kings County to Tompkins County. Order dated January 17, 1956, reversed, without costs, and motion denied. There was no sufficient showing of destitution or indigence to warrant the exercise of discretion in favor of granting the preference. (See Farewell v. Milbank, 284 App. Div. 898, and cases there cited.) Order dated February 9, 1956, affirmed, without costs. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ ALBERT A. AGOR et al., Respondents, v. YOLANDA PITALE, Sometimes Known as YOLANDA LUBINACCI, et al., Appellants.— In a summary proceeding to recover possession of a golf range on the ground that the tenants are holdovers, the appeal is from a final order of the County Court, Putnam County, entered after trial without a jury, awarding to the landlords the delivery of the possession of the property. Order reversed on the law, with costs, and petition dismissed. Findings of fact implicit in the determination below are affirmed. The provision in the lease giving the landlords the right to cancel " [i]n the event of a bona fide sale of the property hereby leased" did not become operative upon the sale of five sevenths of the demised premises. (Wilson Sullivan Co. v. International Paper Makers Realty Corp., 307 N. Y. 20, 25; Sautkulis v. Conklin, 1 A D 2d 962; Ewing v. Miles, 12 Tex. Civ. App. 19.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.