Daniel J. O’Mara, J.
The City of Rochester and the defendant entered into a written contract pursuant to the terms of which the defendant was to construct a sewer on one of the city streets and to save harmless the city from all damages resulting from any negligent act on the part of the defendant incident to the sewer construction.
The plaintiff claims that as a result of blasting on the part of the defendant he suffered damages to his property, and brings this action to recover damages against the defendant as a third-party beneficiary based upon the contractual relationship between the City of Rochester and the defendant.
The defendant maintains that the gravamen of the action is founded in negligence and that the action is barred by the Statute of Limitations. The plaintiff maintains that the gravamen of the action is founded in contract and that the action was commenced within the period allowed for such an action.
The plaintiff’s complaint being based upon the contractual relationship between the city and the defendant, it would seem that the Statute of Limitations having to do with such actions *611 must be made applicable to tbe facts in this case, even though in order for the plaintiff to succeed it will be necessary for him to establish negligence on the part of the defendant. It is believed that the following cases sustain my conclusion: Wilson v. Costich Co. (231 App. Div. 346, affd. 256 N. Y. 629); Trumpbour v. Johnson Corp. (250 App. Div. 856, affd. 277 N. Y. 609); Hale v. Ripton (234 N. Y. 631); Root Neal & Co. v. Creadon (290 N. Y. 733); Coley v. Cohen (289 N. Y. 365).
The defendant’s motion is denied, with costs.
Submit order accordingly.