BUILDING CONTRACTORS' LIMITED MUTUAL LIABILITY
    INSURANCE COMPANY, Respondent, vs. SOUTHERN
    SURETY COMPANY, Appellant.

*October 16—November 11, 1924.*

*Contracts: For benefit of third person: Public work: Surety bond
    of contractor: Construction: Paid or gratuitous surety: Pre-
    mium for liability insurance.*

1. A cause of action founded upon a contract made between two
    or more parties for the benefit of a third party may be main-
    tained.  p. 86.
2. Where a contract for the construction of a building in connec-
    tion with a normal school required the contractor to maintain
    liability insurance in accordance with sec. 3327*a*, Stats., and
    the bond guaranteed that the principal would satisfy all claims
    and demands incurred under the contract, the premium for
    the liability insurance was a claim for which the surety was
    liable.  p. 86.
3. A contract and a bond given for the faithful performance
    thereof must be construed as one contract.  p. 87.
4. Where such bond was given for a money consideration, it had
    all the essential features of an insurance contract and was
    subject to the rules of construction applicable to such con-
    tracts.  p. 87.
5. Only gratuitous sureties are favorites of the law and have a
    right to stand upon the strict terms of their obligations.  p. 87.

APPEAL from an order of the circuit court for Milwaukee
county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action to recover the premium on a liability insurance
contract.   It appears from the complaint that the Bonnett
Construction Company entered into a contract with the
Board of Regents of the Normal Schools of Wisconsin for
the construction of a public building.   It further appears
that the defendant executed a surety bond for the faithful
performance of the contract for the construction of the
building.   It also appears that the amount of premium due
is $467.80; that a demand has been made for the payment
thereof from the Bonnett Construction Company, but that
it is, and for some time has been, wholly insolvent and has

no property or assets with which to pay the premium, and that therefore the plaintiff has been unable to collect the same from the construction company. The material portions of the contract between the Normal Board of Regents and the contractor are as follows:

"Article 1. The contractor agrees to provide all the materials and to perform all the work shown on the drawings and described in the specifications for the entire construction of the power and heating plant for the state normal school at Whitewater, Wisconsin."

"Article 6. And further, that this contract shall have no force or effect upon the owner until the contractor has furnished a good and sufficient surety company's bond in amount equal to the contract amount, acceptable to and approved by the owner, and conditioned upon the faithful performance of this contract and the full payment of all legal claims for labor and material furnished in and about the completion of this contract and for the protection of the owner and state against all liability, injury, accident, or damage of any and every kind to any persons or property caused by the negligence, malfeasance, misfeasance, or wilful wrong or omission by the contractor, his agents or employees, in and about the completion of this contract.

"Article 7. It is further agreed that the contractor shall maintain liability insurance sufficient to protect the owner against all claims for damage or injury to all persons engaged upon the work strictly in accordance with chapter 110$a$, Wisconsin Statutes, and all acts amendatory thereto and supplementary thereof; and shall file with the owner a statement of the amount and the name of the company in which the insurance is carried."

The material portions of the bond entered into are as follows:

"Now, therefore, the condition of this obligation is such that if the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same, and shall fully indemnify and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in

making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials and shall protect the owner against all liability, injury, accident, or damage of any and every kind to all persons and property, caused by the negligence, malfeasance, misfeasance, or wilful wrong or omission by the principal, his agents or employees in and about the completion of the contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

Two causes of action are set out in the complaint, but since both involve the same identical legal questions, only one of them has been referred to. The defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action against the defendant. The trial court overruled the demurrer, and from such order this appeal is taken.

*Joseph E. Tierney* of Milwaukee, for the appellant.

For the respondent there was a brief by *Waldemar C. Wehe* and *Leo J. Landry,* both of Milwaukee, and oral argument by *Mr. Wehe.*

VINJE, C. J.    It is argued by counsel for the defendant that the provisions of sec. 3327a of the Statutes, which, so far as applicable, reads as follows: "All contracts involving one hundred dollars or more hereafter made or let for the performance of any work or labor or furnishing any materials when the same pertains to or is for or in or about any public building . . . shall contain a provision for the payment by the contractor of all claims for such work and labor performed and materials furnished, and no such contract shall hereafter be made or let unless the contractor shall give a good and sufficient bond, the penalty of which shall not be less than the contract price, conditioned for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all the claims for work or labor performed, and materials furnished for or in or about or under such contract, . . ." does not cover a

case like this, because, as said by this court in *Webb v. Freng*, 181 Wis. 39, 194 N. W. 155, it was the policy of this statute that those furnishing material for the class of public buildings therein mentioned shall be protected, and the bond is required evidently for that purpose. It is unquestionably true that the primary purpose of the statute was to protect labor and materialmen, but it does not follow therefrom that parties may not make valid contracts which are broader than the statute. 18 A. L. R. 1227, note. We think this is such a case. It has frequently been held that a cause of action founded upon a contract made between two or more parties for the benefit of a third party may be maintained. The cases of *U. S. G. Co. v. Gleason*, 135 Wis. 539, 116 N. W. 238; *Builders L. & S. Co. v. Chicago B. & S. Co.* 167 Wis. 167, 166 N. W. 320; *New York C. J. F. Co. v. Kenosha*, 167 Wis. 371, 167 N. W. 451, and *Warren Webster & Co. v. Beaumont Hotel Co.* 151 Wis. 1, 138 N. W. 102, are typical examples of cases of that kind relating to matters similar to the suit now in question, all of them having arisen upon surety bonds for the faithful construction of public buildings. It is true that in those cases the actions were brought either by materialmen or by laborers who had furnished material or labor that had gone into the construction of the building. Those cases were strictly cases coming within the primary purpose of the statute.

We have, however, in this case a contract requiring the contractor to maintain liability insurance sufficient to protect the owner against all claims for damages or injury to all persons engaged upon the work strictly in accordance with sec. 3327a of our Statutes. And the bond guarantees that "the principal shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same." Now it is evident that under such a contract it is just as essential for the contractor to incur obligations for liability insurance as it is for him to incur obligations for the procuring of labor and material in the construction of the building. It is familiar law that the contract and the

bond given for the faithful performance thereof must be construed as one contract. *Builders L. & S. Co. v. Chicago B. & S. Co.* 167 Wis. 167, 166 N. W. 320. That being so, the defendant obligated himself to pay any claim or demand which the contractor lawfully incurred and was required to incur in the prosecution of the work of the construction of the building. The premium for liability insurance was such a claim. The bond in question was given for a money consideration; it therefore has all the essential features of an insurance contract and should be subject to the rules of construction applicable to such contracts. *United American F. Ins. Co. v. American B. Co.* 146 Wis. 573, 131 N. W. 994, and cases cited; *Title G. & S. Co. v. State,* 61 Ind. App. 268, 109 N. E. 237. It is only gratuitous sureties that are favorites of the law and have a right to stand upon the strict terms of their obligations when ascertained. *W. W. Kimball Co. v. Baker,* 62 Wis. 526, 22 N. W. 730; *Webb v. Freng,* 181 Wis. 39, 194 N. W. 155.

In *Concrete S. Co. v. Ill. S. Co.* 163 Wis. 41, 157 N. W. 543, it was argued that since there was no express mention of labor and material in the bond it did not cover claims for those. The court replying to this said: "It is true in the case at bar that there is no express mention in the bond of labor and material, but the provisions of the bond, 'satisfy all claims and demands incurred for the same,' are broad enough to cover claims and demands incurred for labor and material." So here the provisions of the bond, "satisfy all claims and demands incurred for the same," are broad enough to cover the premium for liability insurance which was necessarily incurred in the performance of the contract under its agreement with the Board of Regents of the Normal Schools. The cases heretofore referred to from our court have discussed the questions involved in this case so fully that no further restatement of them is deemed necessary.

*By the Court.*—Order affirmed.