MELVIN F. MCFARLAND

*vs.*

MANZIE I. ROGERS

*and*

STANDARD ACCIDENT INSURANCE COMPANY
OF DETROIT, MICHIGAN.

Penobscot.        Opinion, April 17, 1936.

*James M. Gillin,* for L. C. Tyler & Sons Co.
*Fellows & Fellows,* for Standard Accident Insurance Company.
*Ross St. Germain,* for Manzie I. Rogers.
*B. W. Blanchard,* for John T. Kelleher.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON,
MANSER, JJ.

THAXTER, J.   This action of debt was instituted by L. C. Tyler & Sons Co., Inc., in the name of the plaintiff as treasurer of the City of Ellsworth as obligee on a contractor's bond. It is brought against the principal and surety, and is before us on report on an agreed statement of facts with a stipulation that, if the plaintiff is entitled to recover, judgment shall be entered for the plaintiff for the account of L. C. Tyler & Sons Co., Inc., in the sum of $1,000 with interest from March 1, 1934.

The principal on the bond, Manzie I. Rogers, entered into a contract with the City of Ellworth for the construction of a sewer. The bond in question was given to assure the fulfillment of the contract. The defeasance clause reads as follows:

"THE CONDITION OF THIS OBLIGATION IS SUCH, That, if the Principal designated as Contractor in the contract dated June 21, 1933 entered into between the City of Ellsworth, Maine, and Manzie I. Rogers, shall faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same and shall pay all bills for labor, equipment, and all material except pipe, and for all other things contracted for or used by him in connection with the work contemplated by said contract, and shall fully reimburse the obligee for all outlay and expense which the obligee may incur in making good any default of said Principal, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

The contract provides that the specifications shall be a part of it. These specifications, among other things, provide:

"The Contractor shall maintain such insurance as will protect him from claims under Workmen's Compensation acts and from any other claims for damages for personal injury, including death, which may arise from operations under this contract, whether such operations be by himself or by any subcontractor, or anyone directly or indirectly employed by either of them."

L. C. Tyler & Sons Co., Inc., supplied to the contractor two policies of insurance, a public liability policy of the London Guarantee & Accident Company, Ltd., and a workman's compensation policy in the same company. These were the policies required by the contract of Rogers with the City of Ellsworth. The premiums on these have not been paid.

The sole question is whether the surety on the bond is liable for these premiums. The defendant claims that there is no liability, first, because the insurance coverage was a condition precedent to the awarding of the contract and hence the premiums therefor can not be regarded as a claim accruing under the contract; and secondly, because the bond was only intended to be security for the payment of bills for labor performed and materials furnished.

It is difficult to understand how the obligation to supply insurance can be regarded as independent of the contract and a condition precedent to the award of it, when such requirement is provided for by the contract itself as the specifications clearly show.

To substantiate the second ground of defense, counsel have cited a number of authorities. *Bay State Dredging & Contracting Co.* v. *Ellis*, 235 Mass., 263, 126 N. E., 468; *New Amsterdam Casualty Company* v. *Detroit Fidelity & Surety Company*, 187 Ark., 97, 58 S. W., 418; *Employers Liability Assur. Corp., Ltd.* v. *Cannon*, 173 Okla., 493, 49 P., 103; *Warner Co.* v. *Schoonmaker*, 174 A., 449 (Del. Ch. 1934). In each of these cases the obligation under the bond extended only to claims for material and labor; and each opinion rightly holds that liability for insurance premiums was not included.

In *Southern Surety Company* v. *Travellers Insurance Company*, 90 Ind. App., 309, 165 N. E., 444, the court construes language, which is more nearly like that now before us. The case is, however, clearly distinguishable; for the contracts there involved apparently did not require the carrying of the insurance, and the policies of insurance were blanket ones covering a large variety of jobs. Under such circumstances, in the words of the court, page 315, the claim "did not sustain an intimate, immediate and exclusive relation to the work, so as to make it a debt incurred in the prosecution of the work."

In the instant case the language of the bond is very broad. Under it the contractor is obligated to "faithfully perform the contract on his part, and satisfy all claims and demands incurred for the same."

Though of course we can not import into a bond an obligation not covered by its terms, yet the rule is laid down in *Foster* v. *Kerr & Huston, Inc., et al,* 133 Me., 389, 179 A., 297, that the liability of a bonding company, agreeing for a consideration to act as surety, is not to be measured by the rule of *strictissimi juris.* Such an agreement will be construed most strongly against the surety.

The requirement of insurance was specifically called for by the contract with which we are here concerned; the insurance was issued to comply with its terms; the premiums, therefore, represent a claim incurred in the performance of such contract.

In accordance with the stipulation the entry will be:

> *Judgment for the plaintiff for* $1,000,
> *with interest from March* 1, 1934.