## Pennsylvania Turnpike Commission, to use, v. United States Fidelity & Guaranty Co.

*George M. Kevlin,* for plaintiff.

*Edward H. Cushman,* for defendant.

BOK, P. J., February 24, 1942.—This is an action to recover workmen's compensation insurance pre-

miums from the surety on two contractors' bonds: a performance bond, and a labor and materialmen's bond.

The averments of the statement of claim, to which defendant demurs, are as follows: Baldwin Brothers Paving Company and the Pennsylvania Turnpike Commission entered into a contract for the construction of a portion of the Pennsylvania Turnpike, which agreement provided, inter alia:

*"Compensation Insurance.* The contractor shall take out and maintain during the life of this contract workmen's compensation insurance for all of his employes employed at the site of the project, and in case any work is sublet, the contractor shall require the subcontractor similarly to provide workmen's compensation insurance for all of the latter's employes unless such employes are covered by the protection afforded by the contractor."

In connection with the aforesaid contract, Baldwin Brothers Paving Company, as principal, and defendant, United States Fidelity & Guaranty Company, as surety, executed the bonds in question. The performance bond is conditioned ". . . that if the principal shall faithfully perform the contract on his (sic) part at the time and in the manner therein provided and satisfy all claims and demands incurred in or for the same, or growing out of the same, . . . and shall fully indemnify and save harmless the said obligee from any and all costs and damage which the said obligee may suffer by reason of failure to do so, and shall fully reimburse and repay the said obligee any and all outlay and expense which it may incur by reason of any such default, then this obligation shall be null and void; otherwise it shall remain in full force and virtue."

The condition of the labor and materialmen's bond is ". . . that if said principal and all subcontractors to whom any portion of the work provided for in said

contract is sublet and all assignees of said principal and of such subcontractors shall promptly make payment for all labor supplied or performed, utility or other service rendered and materials furnished in the prosecution of the work provided for in said contract, whether or not the said material, services or labor entered into and became component parts of the work or improvements contemplated, or in any amendment or extension of or addition to said contract, then the above obligation shall be void; otherwise to remain in full force and effect."

The latter bond provides also:

"As used herein: The term 'person' refers to any person, firm or corporation who has furnished materials to be used on or incorporated in the work or the prosecution thereof provided for in said contract or in any amendment or extension of or addition to said contract, or who has rendered utility or other services in connection with said work, . . ."

Baldwin Brothers Paving Company, in turn, sublet some of its work under the general contract to Sharpsburg Contracting Co., Inc. This subcontractor, finding it necessary to obtain workmen's compensation insurance in connection with the sublet work, since the principal contract so provided, entered into a contract of insurance with the use-plaintiff, American Mutual Liability Insurance Company. The sublet work has been completed by the subcontractor. The use-plaintiff has fully performed its contract by paying workmen's compensation claims in the past and will continue to honor any claims that may arise in the future. However, the subcontractor has not paid the premiums due and has been adjudicated a bankrupt. Its trustee, likewise, has failed to make any payments. The general contractor having refused to satisfy this indebtedness, action was instituted against the surety on the two bonds.

In our opinion, the use-plaintiff is entitled to recovery under the terms of the performance bond. In the

recent case of Pittsburgh, to use, v. Parkview Const. Co., Inc., et al., 344 Pa. 126 (1942), recovery was permitted on an identical contractor's performance bond for unpaid premiums on account of workmen's compensation insurance furnished the general contractor. Speaking for the court, Justice Stern declared (p. 130) :

"As one of the terms of the contract was that the Construction Company should take out and maintain the policies, that obligation was accordingly covered by the bond, as was also the duty to 'satisfy all claims and demands incurred in and for the same, or growing out of the same.' Since the Construction Company, by failure to pay the premiums, did *not* satisfy the claim incurred for the policies, the condition of the performance bond was breached and the surety became liable accordingly. The phraseology of the bond being clear and unambiguous, there is here no problem of interpretation."

The concurring opinion of Justice Drew notes also (p. 134) :

"This Court has definitely decided that where there is a provision in a bond to pay third parties, who can be ascertained, such third parties have a right of action on the bond: *Com. v. Great American Indemnity Co.*, 312 Pa. 183; *McClelland v. New Amsterdam Casualty Co.*, 322 Pa. 429. See also Restatement of the Law of Contracts, sections 133, 135, 139; University of Chicago Law Review, Vol. 3, page 1; 9 Am. Juris. sec. 97, page 63. Where a bond contains the broad expression that 'all claims and demands incurred' as does the one in the instant case, or similar phraseology, the great weight of authority holds that insurance premiums are covered thereby."

The City of Pittsburgh case is distinguished from the instant one only in that the present use-plaintiff furnished workmen's compensation insurance to the subcontractor rather than to the general contractor. We think, however, that this is a distinction without significance. The general contract contemplated sublet-

ting the work and provided specifically that "in case any work is sublet, the contractor shall require the subcontractor similarly to provide Workmen's Compensation Insurance for all of the latter's employes". It was pursuant to this provision that the subcontractor entered into the contract of insurance with the use-plaintiff. The insurance furnished was a necessary item in the performance of the construction job under the general contract and the claim for unpaid premiums evidently was one "incurred in" the performance of the contract between the general contractor and the Turnpike Commission "or growing out of the same". In view of the foregoing circumstances, it is our opinion that the use-plaintiff is a third party intended to be benefited by the provisions of the performance bond, and payment of the insurance premiums having been refused, it may successfully maintain this action on the bond against defendant surety.

In the City of Pittsburgh case the Supreme Court denied that there could be any recovery on the labor and materialmen's bond involved therein which was conditioned on prompt payment "for all labor performed, services rendered, and materials furnished in the prosecution of the work provided for in said contract". In the course of his opinion, Justice Stern observed (p. 129) :

"It would be extending those terms beyond their normal meaning to interpret them as embracing contracts of insurance."

Justice Drew added that, while the language of the above-quoted clause was very broad, other specific provisions of the labor and materialmen's bond limited recovery on the instrument to persons who " 'furnished *materials* or *machinery* to be used on or incorporated in the work or the prosecution thereof . . . or . . . *engaged in the prosecution of the work* provided for in said contract . . . who is an *agent, servant,* or *employee* of the principal or of any sub-contractor, or of

any assignee of said principal or of any sub-contractor, and *also anyone so engaged who performs the work of a laborer or of a mechanic* regardless of any contractual relationship between the principal, or any sub-contractor, or any assignee of said principal or of said sub-contractor, and such laborer or mechanic . . .' " (italics supplied). As a result, he concluded that the phrase "services rendered", as there used, was not intended to cover the claims of those who had furnished the insurance required by the contract.

The labor and materialmen's bond in the present case is somewhat broader in scope. As previously noted, it is conditioned on prompt payment "for all labor supplied or performed, *utility or other services rendered* and materials furnished in the prosecution of the work". (Italics supplied.) Likewise, the bond specifically permits the maintenance of an action thereon by any person who has "furnished materials . . . or who has rendered *utility or other services* in connection with said work. . . ." (Italics supplied.) Claims for "utility . . . services" are thus within the protection of the labor and materialmen's bond. The type of claims contemplated by this instrument would, therefore, appear broad enough to cover the instant demand unless it be held that the furnishing of insurance, while of definite "utility" in the prosecution of the work, does not constitute the rendition of "services" within the meaning of the contractor's bond by virtue of the Supreme Court's ruling in the City of Pittsburgh case. Although the difference in the bonds in the two cases may be sufficient to warrant a conclusion here contrary to that reached in the City of Pittsburgh case, had the labor and materialmen's bond been the only instrument on which action was instituted, it is, of course, unnecessary for us to decide the question at this time. Plaintiff has, however, stated a valid cause of action on the performance bond.

Accordingly, February 24, 1942, the questions of

law raised by defendant's affidavit of defense under section 20 of the Practice Act of May 14, 1915, P. L. 483, are resolved in favor of plaintiff.