Pennsylvania Turnpike Commission, to use, *v.*
Andrews & Andrews (et al., Appellant).

Argued April 12, 1946. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Vincent P. McDevitt,* with him *Warren W. Holmes*
and *McDevitt, Philips & Watters,* for appellant.

*Charles E. Kenworthey,* with him *Charles J. Weiss,
Schnader, Kenworthey, Segal & Lewis* and *Harold B.
Bornemann,* for appellee.

Opinion by Mr. Justice Drew, May 27, 1946:·

In performance of a contract awarded it by the Pennsylvania Turnpike Commission for the construction of certain sections of the turnpike, Andrews & Andrews,· Inc., as principal, executed and delivered to the Turnpike Commission a labor and materialmen's bond, as well as a performance bond, with United States Fidelity and. Guaranty Company as surety. For use in its construction work, Andrews & Andrews, Inc., leased a gasoline crawler crane from B. M. Weiss, the use-plaintiff, and upon default in payment of rental due, as well as for certain transportation charges and crane repairs, he entered this suit in assumpsit on the two bonds. Defendant, United States Fidelity and Guaranty Company, filed an affidavit of defense raising questions of law, which, after argument, was dismissed and defendant was given twenty days within which to file an affidavit of defense to the merits. This was not done, and judgment was taken against defendant surety company for want of an affidavit of defense. This appeal followed.·

Under the terms of its contract with the Turnpike Commission, Andrews & Andrews, Inc. was required to "furnish all necessary machinery, equipment, tools, labor and other means of construction;" and was also obligated. to execute the two surety bonds upon which this suit is brought. The condition of the labor and materialmen's bond is "that if said principal and all subcontractors . . . shall promptly make payment for all labor supplied or performed, utility or other services rendered and materials furnished in the prosecution of the work . . . whether or not the said material, services or labor enter. into and become component parts of the work or improvement contemplated, . . . then the above obligation shall be void; otherwise to remain in full force and effect." The condition of the performance bond is "that if the principal shall faithfully perform the contract on his part at the time and in the manner therein provided. and satisfy all claims and demands incurred in or for.

the same, or growing out of the same, or for injury or damage to persons, or property in the performance thereof, and shall fully indemnify and save harmless the said Obligee from any and all cost and damage which the said Obligee may suffer by reason of failure so to do, and shall fully reimburse and repay the said Obligee any and all outlay and expense which it may incur by reason of any such default, then this obligation shall be null and void; otherwise it shall remain in full force and virtue." By reference, both these bonds incorporated the terms of the contract between Andrews & Andrews, Inc. and the Pennsylvania Turnpike Commission.

It is well settled that if use-plaintiff comes within the terms of either of these bonds, he has a right to recover as a beneficiary of the obligation upon failure of the principal, Andrews & Andrews, Inc., to pay a just claim: *Pittsburgh v. Parkview Const. Co.*, 344 Pa. 126, 23 A. 2d 847. Furthermore, corporate surety bonds are to be construed strictly in favor of the obligee and such donee beneficiary as comes within its terms: *Purdy v. Massey*, 306 Pa. 288, 159 A. 545.

It is clear that a claim for rental (and the other incidental expenses for which this suit was brought) of a crane which a contractor was required to furnish in the performance of its contract with the Turnpike Commission is a claim "incurred in or for the . . . [performance of the contract], or growing out of the same", and, therefore, within the express provision of the condition of the performance bond that such claim is to be satisfied. The same reasoning is applicable to the facts of the instant case as to those in *Pittsburgh v. Parkview Const. Co.*, supra, where this Court held that the payment of premiums for the insurance which the contractor was required to maintain by a building contract came within the condition of a performance bond containing a provision identical to that in the performance bond in the present controversy, i.e. to "faithfully perform the contract . . . in the manner therein provided and satisfy all claims and

demands incurred in or for the same, or growing out of the same."

Defendant contends that the decision in *Pittsburgh v. Parkview Const. Co.,* supra, has no application here, for although Andrews & Andrews, Inc. under the contract was required to furnish all necessary machinery and equipment to perform the work, it was to be expected it would own such machinery itself and not have to rent it. We do not agree with this argument, for obviously the surety had adequate means of knowing whether or not its principal owned all the necessary machinery and equipment with which to perform the contract, or whether it would be obliged to rent. It had the means at its command to determine exactly what kind of claims the performance bond might cover, and fix its premium accordingly. As the learned court below said: "The surety is there first in point of time, ahead of the lessor of the machinery, and it can refuse to give bond for an empty-handed contractor." It is a common practice for contractors to hire machinery for use in their work, and doubtless defendant surety was well acquainted with that fact.

Defendant also argues that both the performance bond and the labor and materialmen's bond should be considered together as one contract, and since the labor and materialmen's bond does not include a provision expressly permitting claims for machinery rental, the general language of the performance bond should not be interpreted as including such a claim. There is no merit in this contention. The result of such a construction of the bonds would be to make ineffectual the relevant provision of the performance bond.

Since we hold that the claim of the use-plaintiff is covered by the provisions of the performance bond, we are satisfied that it would serve no useful purpose to determine whether or not such a claim could also be recovered under the labor and materialmen's bond in question.

Judgment affirmed.