Commonwealth, to use, Appellant, *v.* Fidelity & Deposit Company of Maryland et al.

Argued November 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Simon Pearl,* with him *J. Jerome Sklar* and *Sklar & Pearl,* for appellant.

*Arthur Littleton,* with him *Martin P. Snyder* and *Morgan, Lewis & Bockius,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

Pennsylvania Manufacturers' Association Casualty Insurance Company, a corporation, appellant, instituted this action in assumpsit against Fidelity and Deposit Company of Maryland, a corporation, and The Century Indemnity Insurance Company, a corporation, appellees, to recover unpaid premiums for a policy of Workmen's Compensation Insurance issued by it to Stewart Contracting Company. Suit was brought upon compliance and payment bonds, given to the Commonwealth of Pennsylvania, in which Stewart Contracting Com-

pany was principal and appellees were sureties. This appeal is from the decree of the court below sustaining affidavits of defense raising questions of law filed by both appellees challenging their liability under the respective bonds, and entry of judgment in their favor.

Stewart Contracting Company and the Commonwealth of Pennsylvania entered into a contract for the improvement of a certain section of highway and bridges. The contract provided, inter alia, "The contractor shall accept, insofar as the work covered by the contract is concerned, the provisions of the Workmen's Compensation Act of 1915, and any supplements or amendments thereto, and shall insure his liability thereunder or file with the Department of Highways a certificate of exemption from insurance . . ." The contractor was to furnish to the Commonwealth two surety bonds—one "to secure proper compliance with the terms and provisions of this contract", and another, "for the prompt payment in full of labor and material." Each appellee, as surety, executed the above-mentioned bonds which became a part of the contract between Stewart Contracting Company and the Commonwealth.

The compliance bonds provided that: "if the above bounden principal as contractor shall in all respects comply with and perform the terms and conditions of said contract, and his, their, or its obligations thereunder, including the specifications therein referred to and made part thereof . . . then this obligation to be void or otherwise to be and remain in full force and virtue." The bonds for payment of labor and material provided that: "if the above bounden principal shall and will promptly pay or cause to be paid in full all sums of money which may be due any person . . . or corporation for all material furnished and labor supplied or performed in the prosecution of the work, whether or not the said material or labor enter into and become component parts of the work or improvement contemplated, and for services rendered by public utilities in,

or in connection with, the prosecution of such work, then this obligation to be void, otherwise to remain in full force and effect."

Appellant contends that: (1) the bonds, having been conditioned upon performance by the contractor of all the terms and conditions of the contract and performance of its obligations thereunder, inured to its benefit as the supplier of Workmen's Compensation Insurance; and (2) the services rendered by it as an insurance carrier were "services rendered by public utilities."

The court below properly held that the provisions of the several bonds could not reasonably be construed to include liability for the payment of Workmen's Compensation Insurance premiums. "A bond given pursuant to a contract incorporated in the bond, will be construed in the light of the terms of the contract and the attendant circumstances, but 'the obligation of a bond cannot be extended beyond the plain import of the words used': *Lancaster v. Frescoln,* 192 Pa. 452, 457, 43 A. 961, 962; *Erie v. Deifendorf,* 278 Pa. 31, 122 A. 159"; *Fleck-Atlantic Company v. Indemnity Insurance Company of North America,* 326 Pa. 15, 19, 191 A. 51, 53. Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning: *City of Pittsburgh v. Parkview Construction Company,* 344 Pa. 126, 23 A. (2d) 847, 848.

The compliance bonds in the instant case are conditioned on the contractor performing "the terms and conditions of said contract, and his, their, or its obligations thereunder." They do not contain any obligation to "satisfy all claims and demands incurred in and for the same, or growing out of the same" as did the bond in *City of Pittsburgh v. Parkview Construction Company,* supra. *McFarland v. Rogers,* 134 Me. 228, 184 A. 391, *Building Contractors' Limited Mut. Liability Ins. Company v. Southern Surety Company,* 185 Wis. 83, 200 N.W. 770, and *Merchants Mutual Casualty Com-*

*pany v. United States Fidelity & Guaranty Co. et al.,* 253 App. Div. 151, 2 N. Y. S. (2d) 370, relied upon by appellant, contained provisions similar to the bond in *City of Pittsburgh v. Parkview Construction Company,* supra. Payment of premiums for a policy of Workmen's Compensation Insurance was not an "obligation" assumed by appellees in their compliance bonds.

Appellant contends that it, being an insurance carrier, performed "services rendered by public utilities" and therefore, the provisions of the several payment bonds inure to its benefit. A reading of the bonds clearly shows that the parties never intended to so consider appellant. The court below aptly said: "The phrase 'for service rendered by public utilities' was obviously intended to cover facilities such as electricity, gas and telephones supplied by public utilities." This Court said, in *City of Pittsburgh v. Parkview Construction Company,* supra, "There is an abundance of authority to the effect that the payment of premiums for insurance policies does not fall within the obligation of such a bond."

Judgment affirmed.