F. M. Teufel, for use of Leon J. Long, Appellant, *v.* John Rowan.

*Landlord and tenant—Default by tenant—Waiver.*

A landlord by accepting overdue rent does not waive a clause in his lease providing that all the rent reserved in the lease shall become immediately due and payable upon default for five days on the part of the tenant to pay any monthly instalment.

Argued Oct. 30, 1896. Appeal, No. 82, Oct. T., 1896, by plaintiff, from order of C. P. No. 3, Allegheny Co., Nov. T., 1895, No. 107, sustaining exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor's report. Before KENNEDY, P. J.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to auditor's report.

*C. S. Crawford*, for appellant.—Any act of a creditor by which the debtor is thrown off his guard will entitle the latter

to relief against a forfeiture arising by mere default of time: McNeil v. Amey, 2 W. N. C. 65.

Equity will not permit a party to take advantage of a contract after a long course of dealing contrary to its terms, without notice that hereafter he intended to enforce his rights: Cogley v. Browne, 11 W. N. C. 224; Wanamaker v. McCaulley, 11 W. N. C. 450; Times Company v. Seibrecht, 11 W. N. C. 283; Duffield v. Hue, 129 Pa. 94; Lynch v. Versailles Fuel Gas Co., 165 Pa. 518; Merrill v. Trimmer, 2 Pa. C. C. 49.

Equity never declares or permits a forfeiture when it works a loss contrary to equity: Brown v. Vandergrift, 80 Pa. 148; Remington v. Irwin, 14 Pa. 145; Decamp v. Feay, 5 S. & R. 328; Forsyth v. Oil Co., 53 Pa. 173; Tiernan v. Roland, 15 Pa. 429.

When a landlord by a course of dealing in accepting overdue rent has put a tenant off his guard, a forfeiture of a lease for nonpunctual payment of rent cannot be enforced, unless notice has been given to the tenant calling upon him for compliance with the strict terms of the lease: Haverstick v. Gas Co., 29 Pa. 256; Bispham's Principles of Equity, sec. 176.

*W. G. Guiler*, with him *M. A. Woodward, Walter Lyon, John F. Sanderson* and *Charles H. McKee*, for appellee.—The clause providing for the immediate maturity of the rent is not inserted as a mere security, but as a solemn contract, and time is the very essence of the contract: Baldwin v. Vanvorst, 10 N. J. Eq. 577; Hulings v. Drexel, 7 Watts, 126; Smith v. Hooton, 3 Dist. 251; Warwick Iron Co. v. Morton, 148 Pa. 72; Atkinson v. Walton, 162 Pa. 219; Collins v. Rockafellow & Co., 35 Pa. 83.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897:

The learned auditor, charged with the distribution of the fund raised by the sheriff's sale of the defendant's personal property, reported in substance the following findings of fact, inter alia:

That the defendant, John Rowan, leased from Jacob Kaufman et al., the Central Hotel for five years from April 1, 1892, at a rental varying in amount each year. The rent for the third year, commencing April 1, 1895, was $13,000, payable in

advance on the first of each month.   By a subsequent and
" auxiliary agreement," all the rent reserved in the lease became
immediately due and payable upon default or failure for five
days on the part of the tenant to pay any of the monthly instal-
ments of rent, or any part thereof.

The property levied on and sold was upon the demised prem-
ises, at time of seizure, and liable to be distrained for all the
rent then due.

At the time of the levy the tenant had already failed to make
one or more of the monthly payments of rent for the year com-
mencing April 1, 1895.

Prior to the levy the landlords had accepted from their ten-
ant payments of rent overdue and in arrears under the terms of
the lease.

The legal conclusions drawn by the auditor from his findings
of fact were, inter alia, substantially as follows:

That the acceptance of overdue rent by the landlords con-
doned the default arising, under paragraph contained in the
" auxiliary agreement," from their tenant's failure to pay his
rent according to agreement, " and operated as a waiver of
said paragraph; and that said waiver is attended with the same
legal consequences with respect to any other or future default
by said tenant under said paragraph, as if the covenant therein
expressed had never been made."   He accordingly held that
the landlords were entitled to rent only up to the date of the
sheriff's sale, August 30, 1895.

Exceptions to these conclusions were filed by the landlords ;
and in the decree from which this appeal is taken the learned
court below sustained the exceptions, and awarded rent to the
landlords for the year ending April 1, 1896.   In thus holding
that the tenant's default under the paragraph in what is termed
by the auditor the " auxiliary agreement," which provides in
substance that all rent reserved in the lease shall become imme-
diately due and payable upon default or failure of the tenant,
for five days, to pay any monthly instalment of rent or any
part thereof, was not condoned by the acceptance of overdue
rent, the court was clearly right on both principle and authority.
The clause in question is a part of the contract between the
parties.   As was well said by the learned president of the com-
mon pleas :  " The acceptance of a portion of the amount due,

and failure to exact all that was due at that time, cannot be a waiver of the contract, but at most is only evidence of a willingness to indulge the debtor."

Similar stipulations in mortgages have been upheld in numerous cases from Huling v. Drexell, 7 Watts, 126, to Platt, Barber & Co. v. Johnson et al., 168 Pa. 47. In Atkinson v. Walton, 162 Pa. 221, our Brother DEAN says : "The rulings in all the cases from Huling v. Drexell, 7 Watts, 126 to the present have been that in this class of securities the issuing of a scire facias is not to declare and enforce a forfeiture but to enforce the payment of a debt, which by the contract became due . . . . It has never been held that mere delay of suit, or neglect to rigorously exact his money on the day it is due, is evidence of a waiver of his (the creditor's) contract right." The principles underlying these cases rule the question under consideration in favor of the landlords.

The cases cited by the plaintiff on the subject of forfeitures, etc. have no application to the case before us.

Decree affirmed and appeal dismissed at appellant's costs.