Steinman et al. *v.* LaCharty Hotels Company, Appellant.

Argued November 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Irving L. Epstein,* with him *W. Hensel Brown,* for appellant.

*F. Lyman Windolph,* with him *H. Clay Burkholder,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

John F. Steinman and J. Hale Steinman, appellees, entered an amicable action in ejectment with a *fieri facias* for costs against LaCharty Hotels Company, a

Pennsylvania corporation, appellant, by virtue of a clause contained in a lease dated October 21, 1928, in which appellees were lessors and appellant the lessee. Pursuant to the judgment entered in said action, a writ of *habere facias possessionem* was issued and duly served, levy made upon the personalty, and sale of the premises directed to be made July 9, 1945. On the latter date, appellant presented its petition for a rule to open judgment wherein it averred, *inter alia,* that appellees had waived Paragraph 14 of the lease, the alleged breach of which was the basis for the judgment, and that appellant, therefore, had a legal defense to the entry of said judgment. An answer was filed denying the allegations of the petition, and depositions were taken. Subsequent thereto, on December 17, 1945, appellant presented a petion for a rule to strike off the judgment, and appellees filed an answer thereto. This appeal is from the decree of the court below discharging the rules granted to show cause why judgment should not be opened and why judgment should not be stricken off.

Paragraph 14 of the lease provided: "Default in payment—If default shall be made in the payment of any part of the said rent after the same becomes due, or in case of a breach or evasion or any attempt to break or evade any of the covenants or conditions of this agreement, the entire rent reserved for the full term of this lease remaining unpaid shall become due and payable at once and may forthwith be collected by distress or otherwise, and the same time the Landlords may forfeit and annul the unexpired portion of this lease and enter upon and re-possess the said premises with or without process of law after a period of ten days following the mailing of a notice by the Landlords to the Home Office of the Tenant." The lease was for a term of twenty-nine months, beginning November 1, 1938, and ending April 1, 1941, and renewable thereafter unless notice of an intention to terminate was duly given by either party. The rentals for November and December, 1938,

were $200 per month, for the year 1939, $240 per month, and from January, 1940, to March, 1941, inclusive, $250 per month. The lease further provided that a sum of money equivalent to twenty-five per cent of the gross monthly receipts, less $1000, "to be calculated monthly and to be paid by the Tenant to the Landlords on a monthly basis" constituted additional rent. At no time prior to December 1, 1944, did appellees request appellant to furnish, nor did appellant supply, any records, books, etc., disclosing a financial statement of business done. Nor did appellant pay any amount in addition to the stated monthly rental. On December 1, 1944, appellees requested the above information and an accounting of rentals.

Appellant contends that by reason of appellees' failure to claim additional rents as provided by the provisions of the lease, a waiver or forfeiture of the said provision had been effected and that it was not to be considered a valid part of said lease.

The burden of establishing a waiver of forfeiture of the provision for additional monthly rental was upon appellant. To do so, it was necessary to prove that appellees had pursued a course of conduct reasonably calculated to induce the belief that the provisions would never be enforced and that enforcement thereof would, under the circumstances, be tantamount to perpetration of fraud upon appellant and would work an unconscionable injustice. Proof of failure to rigorously enforce rights will not sustain the burden. Equally insufficient is proof of indulgence or neglect.

"It is well settled that mere indulgence without more is not a waiver of forfeiture, although a lessor by his past course of dealing may be precluded from exercising that right, without first giving prior notice to the lessee of his intention to do so. The delay of a creditor or his neglect to exact money due is not evidence of waiver": *Blue Ridge Metal Manufacturing Company v. Proctor et al.,* 327 Pa. 424, 431, 194 A. 559, 562. "The acceptance

of a portion of the amount due, and failure to exact all that was due at that time, cannot be a waiver of the contract, but at most is only evidence of a willingness to indulge the debtor": *Teufel v. Rowan,* 179 Pa. 408, 410, 36 A. 224, 225. ". . . it has never been held, that mere delay of suit, or neglect to rigorously exact his money on the day it was due, is evidence of a waiver of his [the creditor's] contract right": *Atkinson v. Walton,* 162 Pa. 219, 222, 29 A. 898, 899. See *Corona Coal & Coke Company v. Dickinson,* 261 Pa. 589, 104 A. 741.

Appellant has failed to sustain the burden of showing any agreement, expressed or implied, of a waiver of the provision for additional rent, or any facts which would render enforcement of the lease as entered into by the parties unconscionable or unjust. Notice was given prior to the renewal of the lease that the same would be enforced. Failure to comply with the terms of the agreement leaves appellant without standing to complain that appellees now desire to enforce the same. Cases cited by appellant are clearly distinguishable and inapposite. The court below properly discharged the rule to open the judgment.

Appellant contends that there are defects upon the face of the record requiring that the judgment be stricken off. That the averment of default did not contain a detailed statement of the amounts of rentals and the dates when the same became due, but instead merely averred a default in amount of $7250, is said to constitute such defect.

*Hogsett v. Lutrario,* 140 Pa. Superior Ct. 419, 13 A.2d 902, relied upon by appellant, is not controlling. There, however, no affidavit or statement averring default was filed with the lease authorizing the confession of judgment. Here, the averment of default was duly made a part of the proceedings. It should also be noted that execution was not issued upon the money judgment, but upon a judgment in ejectment. There are

no defects apparent on the face of the record of entry of the amicable action in ejectment. The rule to strike off the judgment was properly discharged.

The decree of the court below is affirmed. Costs to be paid by appellant.