## First Federal S. & L. Assn. v. Street Road Shopping Center, Inc.

*Charles F. Sampsel*, for plaintiff.
*Charles T. McIlhinney*, for defendant.

RUFE, J., February 6, 1975.—After full hearing on the above matter, held on January 24, 1975, the court enters the following:

### FINDINGS OF FACT

1. Plaintiff, First Federal Savings and Loan Association of Bucks County, is a financial institution with its principal office at 118 Mill Street, Bristol Borough, Bucks County, Pa.

2. Defendant, Street Road Shopping Center, Inc., is a Pennsylvania corporation with its principal office located at 275 East Street Road, Feasterville, Lower Southampton Township, Bucks County, Pa.

3. On June 2, 1970, defendant, as mortgagor, executed and delivered to plaintiff, as mortgagee, a mortgage and bond and warrant, which mortgage is recorded in the office of the Recorder of Deeds of Bucks County in Mortgage Book No. 1763, page 401, etc.

4. The premises subject to said mortgage are fully described therein.

5. There have been no assignments of said mortgage or its accompanying bond and warrant.

6. The said mortgage did not set forth the details of the terms and conditions of payment thereof, but did incorporate by reference thereto the bond accompanying said mortgage wherein the details of payment were set forth. The mortgage secured a loan in the principal sum of $330,000 and with interest at the rate of ten percent per annum, with equal monthly installments of $3,547 applicable to principal and interest to be paid on the first day of each month commencing on July 1, 1970, and continuing for 180 months, as set forth in the bond and incorporated by reference into the mortgage.

7. Defendant has made no monthly payments on account of said mortgage since February 1, 1974.

8. Notice of intention to foreclose said mortgage was given to defendant by personal service on July 9, 1974.

9. Plaintiff's complaint in this action was filed on August 15, 1974.

10. There was presently due and owing to plaintiff the following sums on said mortgage:

Balance of principal ...............$ 294,611.34
Unpaid interest to August 31, 1974 ..    15,040.87
Less: Tax escrow surplus ..........       239.08
                    Real Debt ...  $ 309,413.13
Plus: 5% Attorney's Commission ....    15,470.66
                    Total .........$ 324,883.79

Plus Interest from September 1, 1974 at 6%.

### TESTIMONY AND DISCUSSION

There is no dispute of the basic facts submitted to the court in the instant case. Rather, the dispute arises out of essentially three legal contentions raised by defendant.[*]

The first and most significant contention raised by defendant pertains to the construction of Pa. R.C.P. 1141(a) in that defendant maintains that once plaintiff elects to proceed in mortgage foreclosure rather than in assumpsit on the bond, plaintiff is restricted to the terms and provisions of the mortgage only and may not rely on alleged violations of the terms of the bond. Therefore, the argument continues, since the mortgage instrument itself did not contain provisions allegedly violated, plaintiff cannot rely on the bond violations in mortgage foreclosure, but must bring an action in assumpsit on the bond. In short, to sustain

---

[*] Defendant submitted 15 proposed conclusions of law for the court's consideration which boil down to the three contentions discussed herein.

an action in mortgage foreclosure, the court must look within the four corners of the mortgage instrument alone.

We reject this argument. While it is true that the mortgage instrument itself refers only to the principal sum and the metes and bounds description of the real estate security, the mortgage incorporates the bond by reference and directs the reader of the mortgage to the bond for the terms and conditons of payment a total of seven times. The bond was executed simultaneously with the mortgage and the two documents clearly relate to each other. The practice of incorporating documents by reference has long been established in Pennsylvania and is defined in Black's Law Dictionary as follows:

"The method of making one document of any kind become a part of another separate document by referring to the former in the latter, and declaring that the former shall be taken and considered as a part of the latter the same as if it were fully set out therein": Black's Law Dictionary, Incorporation, page 907 (4th Ed.).

While the court was not referred to any cases in which mortgages were construed to include the bond terms incorporated by reference, nor has independent research disclosed any, there are ample cases in the analogous area of bonds incorporating the terms of guaranteed contracts by reference: Peter J. Mascaro Co. v. Milonas, 401 Pa. 632, 166 A. 2d 15 (1960); Commonwealth, to use v. Fidelity & Deposit Co. of Maryland, 355 Pa. 434, 50 A. 2d 211 (1947); Biancardi v. Society of Christopher Columbus, 45 Lack. Jur. 261 (1944). We hold that the terms and conditions set forth in the bond are incorporated in the mortgage in their entirety by reference thereto when, as here, both documents were executed and delivered simultaneously as

part of the same transaction, and the bond terms and conditions are clearly ascertainable and clearly relate to the repayment of the obligation secured by the mortgage.

We find no merit in defendant's collateral argument that plaintiff's reliance on the bond terms represents an election to bring an action on the bond and, therefore, this mortgage foreclosure action is inappropriate.

Defendant's second contention is an essentially equitable argument that plaintiff's continuous acceptance of late payments over a period of several years established a practice that defendant should have been able to rely upon, and defendant should have been given notice of a change from that practice.

This contention is also without merit as it has long been the law in Pennsylvania that the mere delay of suit, or neglect to rigorously exact his money on the day it was due, is not evidence of a waiver of the creditor's contract right: Atkinson v. Walton, 162 Pa. 219, 29 Atl. 898 (1894); Steinman v. LaCharty Hotels Co., 355 Pa. 444, 50 A. 2d 297 (1947).

The final question raised concerns the matter of the attorney's fee provided for in both the mortgage and the bond at "five percent of the said total indebtedness," which defendant now claims to be excessive and unreasonable. We also find this contention to be without merit. It has long been the law in Pennsylvania that the attorney's collection fee provided for in a mortgage is the agreed compensation for expenses incurred by the mortgagee in consequence of the default of the mortgagor, and five percent has consistently been held to be fair and reasonable: Robinson v. Loomis, 51 Pa. 78 (1865); Galligan v. Heath, 260 Pa. 457, 103 Atl. 878 (1918); Foulke v. Hatfield Fair Grounds Bazaar, Inc., 196 Pa. Superior Ct. 155, 173 A. 2d 703 (1961). Certainly, the mortgagor cannot claim

that he did not agree to that figure as it is specifically set forth in the mortgage itself as well as the bond, and if five percent was fair and reasonable in 1865 it is certainly an appropriate charge today when comparable percentage figures in so many similar areas have escalated so dramatically.

## CONCLUSIONS OF LAW

1. Defendant executed and delivered to plaintiff a valid and legal mortgage which includes therein provisions, terms and conditions incorporated therein by reference to the bond executed and delivered simultaneously therewith as a part of the same transaction.

2. Said mortgage is secured by certain premises located in the township of Lower Southampton, Bucks County, Pa.

3. This court has jurisdiction of the parties and the subject matter of this action.

4. Defendant has defaulted on the term of its mortgage by failing to make the monthly payments required therein.

5. Plaintiff is entitled to a judgment of mortgage foreclosure and assessment of damages in the sum of $324,883.79 plus interest at the rate of six percent per annum from September 1, 1974.

## ORDER

And now, February 6, 1975, verdict in mortgage foreclosure is hereby rendered in favor of plaintiff and against defendant in the within action and damages are assessed in the amount of $324,883.79, plus interest at the rate of six percent per annum from September 1, 1974.