In re Samuel C. RATMANSKY,
Bankrupt.

LIBERTY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

Samuel C. RATMANSKY, Defendant.

Bankruptcy No. 78–1368EG.

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 25, 1980.

See also, Bkrtcy., 2 B.R. 527.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant.

Brian Krase, Bellwoar, Rich & Mankas, Philadelphia, Pa., for Liberty Federal Sav. and Loan Ass'n, plaintiff.

Margaret Graham, Philadelphia, Pa., Chapter XIII trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In this case, we must decide whether to implement a provision of a post-petition agreement between a Chapter XIII debtor and a secured creditor which provides for relief from the automatic stay imposed by Rule 13–401 of the Rules of Bankruptcy Procedure, without protest or appeal by the debtor, in the event of his failure to comply with the agreement's terms. We hold, under the facts of this case, that the provision will be given effect and, therefore, that we will modify the stay thereby enabling the secured creditor to proceed with foreclosure of its interest in the property [1].

The agreement in question was executed on December 29, 1978, ten days after the secured creditor, Liberty Federal Savings and Loan Association ("Liberty Federal") filed its first complaint seeking relief from the stay to enable it to proceed with foreclosure of its mortgage on the debtor's residence.[2] The agreement provided that,

within six months of its execution, the debtor, Samuel C. Ratmansky ("Ratmansky") would cure all arrearages owing to Liberty Federal, would pay all real estate taxes due on the property no later than January 15, 1979, and, thereafter, would resume current debt service payments as required by the terms of the mortgage and promissory note.[3] The final clause of the agreement provided:

The Honorable Court to remove stay of Sheriff's sale and permit sale of said real estate without protest or appeal by debtor, in the event debtor fails to comply with any of the terms or conditions of this agreement and/or the mortgage or note.

Ratmansky failed to make several payments when due and, on July 13, 1979, Liberty Federal filed the current complaint for leave to proceed with foreclosure.[4]

While the final clause of the agreement is clearly a waiver of any right to seek a stay of foreclosure in the event of a default, Ratmansky offers several arguments in defense of his position that his waiver should not be given effect. He asserts that the complaint fails to state a cause of action upon which relief may be granted, that any right to assert a breach of the agreement was waived by acceptance of a payment well beyond its due date,[5] and that equitable considerations militate against allowing foreclosure. We find all of these contentions unpersuasive.

██ A secured creditor has the right to seek relief from the automatic stay as pro-

---

1. The property is located at 1706 East Willow Grove Avenue, Montgomery County, Pennsylvania.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

3. More specifically, the agreement provided:
 1. Debtor to pay all real estate taxes due on said property no later than January 15, 1979.
 2. Debtor to resume current payments in compliance with [the] mortgage and note, on January 19, 1979.
 3. Payment of all monies due mortgage, including but not limited to Principal, interest,

late charges, counsel fees, and costs, as follows:
 (a) Two thousand five hundred ($2,500.00) Dollars on or before April 1, 1979.
 (b) Two thousand five hundred ($2,500.00) Dollars on or before May 1, 1979.
 (c) Balance of all and any monies due on or before June 15, 1979.

4. At the trial, it was demonstrated that the debtor was delinquent in the amount of $4,096.01.

5. It is undisputed that the payment of $2,500 due on April 1, 1979, was not paid until April 30, 1979.

vided by Rule 13–401(d) of the Rules of Bankruptcy Procedure.[6] The decision to grant or deny such relief lies within the sound discretion of this court. *Hallenbeck v. Penn Mutual Life Insurance Co.*, 323 F.2d 566, 573–574 (4th Cir., 1963). Generally, reclamation may properly be denied in the following circumstances:

(1) General equitable considerations, including the debtor's good faith ability to pay, should favor restraining foreclosure. (2) The injunction against foreclosure must be necessary to preserve the debtor's estate or carry out the Chapter XIII Plan. (3) The injunction must not impair the security of the lien. (4) The owner of the secured indebtedness must not be required to accept less than the full periodic payments specified in the contract. [footnotes omitted]. *Thompson v. Ford Motor Credit Co.*, 475 F.2d 1217, 1218–1219 (5th Cir., 1973).

█ Ratmansky's argument that, by accepting a payment after its due date, Liberty Federal has waived its right to assert a breach of the agreement is clearly without basis. A mortgagee's conduct, not amounting to a general course of dealing, in excusing prior delays in making payments is not a waiver of its right to insist on prompt payment in accordance with the terms of the mortgage agreement. 59 C.J.S. Mortgages § 501 (1949). Pennsylvania law is in accord. *First Federal Savings and Loan Association v. Street Road Shopping Center, Inc.*, 68 D. & C.2d 751, 755 (1975). *Steinman v. La Charty Hotels Co.*, 355 Pa. 444, 447, 50 A.2d 297, 298 (1947).

Clearly proof of the acceptance of a single late payment is insufficient to establish any course of dealing between the parties.

█ Ratmansky's other arguments are equally unavailing. He contends that he still has a substantial equity in the property,[7] that more funds are available to apply toward mortgage payments,[8] and that foreclosure would precipitate abandonment of his Wage Earner Plan. We do not think these considerations merit further imposition of the stay under the circumstances.

This is not a case where a secured creditor seeks relief from the automatic stay immediately after a Chapter XIII petition is filed. Rather, the default having occurred after Ratmansky entered into a post-petition agreement with his mortgagee, the case is analogous to that involving a default in payments due to a secured creditor pursuant to a Wage Earner Plan. Ratmansky voluntarily entered into a valid and binding agreement with Liberty Federal, agreeing that, should he "fail to comply with any of the terms and conditions" of said agreement, Liberty Federal was free to proceed with foreclosure "without protest or appeal by the debtor." Having waived the right to object, and no equitable considerations arising in the debtor's favor, we will allow Liberty Federal's complaint.

---

6. Rule 13–401(d) states:

On the filing of a complaint by a creditor who has timely filed his claim or who is secured by an estate in real property or chattels real seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (e) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

7. This was the fifth defense stated in Ratmansky's Answer to Liberty Federal's Complaint. It asserted that the mortgage balance was approximately $34,000 and that the value of the debtor's residence was at least twice that amount. But no evidence of either amount was offered at the hearing.

8. The fourth defense stated in Ratmansky's answer was that more than six months had passed since the first meeting of creditors and, within that time, scheduled creditors with claims totalling $6,758 had failed to file proofs of claim. Since they were thereby barred from sharing in the distribution, those funds would be available to pay Liberty Federal.