SELLERSVILLE SAVINGS AND
LOAN ASSOCIATION

v.

Patrick J. KELLY and James J.
O'Connell, Trustee.

Civ. A. No. 82–4987.

United States District Court,
E.D. Pennsylvania.

May 20, 1983.

Allan K. Grim, Perkasie, Pa., for plaintiff.

Michael A. Cibik, Philadelphia, Pa., for defendant.

James J. O'Connell, Philadelphia, Pa., trustee.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Appellant Patrick J. Kelly ("Kelly"), a debtor in bankruptcy action No. 82–930, appeals from the bankruptcy court's order of October 7, 1982 denying his motion to enjoin appellee Sellersville Savings and Loan Association ("Sellersville") from conducting a sheriff's sale in foreclosure on Kelly's residence, a house at 517 East Creamery Road, Perkasie, Bucks County, Pennsylvania. For the reasons hereinafter set forth, the Court will enter an order affirming the order of the bankruptcy court.

Kelly, a builder of residential homes, obtained loans from Sellersville which, in 1981, held a first mortgage on his personal residence and a first mortgage on an unsold home built by Kelly. In 1981, Kelly de-

faulted on his payment obligations pursuant to the mortgage agreements with Sellersville. In response, Sellersville began mortgage foreclosure actions in October, 1981 and obtained judgments in the amounts of $65,000 (for the personal residence) and $26,000 (for the other house) against Kelly in early 1982. Both properties were noticed for sheriff's sale. On March 11, 1982, Kelly filed a pro se petition in bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 1301, *et seq.* This filing triggered Section 362(a) of the Code (11 U.S.C. § 362(a)), which provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities", of "the commencement or continuation of a judicial proceeding against the debtor."

Sellersville thereupon filed a complaint with the bankruptcy court seeking an order of the bankruptcy court modifying the automatic stay pursuant to 11 U.S.C. § 362(d). Section 362(d) provides:

> (d) On request of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from the [automatic] stay provided under subsection (a) of this section [11 U.S.C. § 362], such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest, or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property, and
>
> (B) such property is not necessary to an effective reorganization [by the debtor].

Kelly then retained counsel and negotiations ensued between Kelly and Sellersville. As a result of the negotiations, a "Stipulation for Court Order" was approved and executed by Kelly and Sellersville in May, 1982. In its order of May 25, 1982, the bankruptcy court approved the stipulation and incorporated it as an order of the bankruptcy court, modifying the automatic stay "to permit Sellersville ... to take whatever legal action it deems necessary to collect on its Mortgage debt" concerning the home built for sale by Kelly.

Regarding Kelly's personal residence at 517 East Creamery Road, the stipulation provided, *inter alia:*

1. Debtor is obligated to Sellersville for a Mortgage Note and Mortgage obligation on Debtor's house ... located on 517 East Creamery Road....

2. At the time of Debtor's filing his Chapter 13 Petition in this matter, Debtor owed a total default to Sellersville Savings in the amount of $8,895.48. Debtor's Chapter 13 Plan shall provide for monthly payment to the Chapter 13 Trustee such that over a three-year Plan period, the said payments will cure such Mortgage default.

3. Debtor shall also continue to make, from the time of filing the Petition, the regular monthly payments on the aforesaid Mortgage encumbering Debtor's house.

4. The monthly payments on the default and on the regular monthly payments on the Mortgage *shall be made each month by the due date provided for in the Mortgage and Mortgage Note. Should Debtor default on the payments, either under the three year plan or on the regular payments on the Mortgage on the house, then Sellersville shall be thereby granted immediate right to continue to pursue any and all legal action deemed necessary to realize its entire Mortgage debt, including Sheriff Sale of the house of Debtor, but not limited to that action. Therefore, upon the happening of either default, the stay imposed by the Bankruptcy Code would automatically be lifted.*

5. Debtor shall pay the payments currently due on the Mortgage since the filing of the Petition by May 25, 1982.

\* \* \* \* \* \*

10. *Intending to be legally bound thereby, the parties agree that this Stipu-*

*lation shall be entered as an Order of the Court.*

(emphasis added).

Kelly subsequently defaulted on his monthly mortgage payment obligations in August, 1982. He had previously been late in making payments but Sellersville had not taken action against him until after his failure to make the August, 1982 payment. Then, Sellersville refused late payment and began to proceed with foreclosure against Kelly's residence in accordance with Paragraph 4 of the stipulation of May 25, 1982. Kelly filed a motion in bankruptcy court seeking an injunction to prohibit the planned sheriff's sale of his residence. On September 28, 1982, the bankruptcy court entered a temporary restraining order prohibiting the sale until it held a hearing on the motion in October, 1982. On October 7, 1982, the bankruptcy court denied Kelly's motion and dissolved the temporary restraining order, thus permitting Sellersville to continue to pursue its remedies in accordance with Paragraph 4 of the stipulation of May 25, 1982. On November 10, 1982, Kelly appealed to this Court.

On appeal, Kelly contends that the bankruptcy court's refusal to enjoin the sale was error because (1) debtor was protected by the automatic stay provided in the Bankruptcy Code (11 U.S.C. § 362(a)), despite the stipulation of the parties entered into on May 25, 1982 which, by its terms, waives Kelly's right to the automatic stay and lifts the automatic stay in the event of default; and (2) that Sellersville is estopped from exercising its creditor's remedies pursuant to the stipulation because it previously accepted two late payments by the debtor.

■ Stipulations between the parties and settlement of litigation are favored by the law. *See Hill v. Nelson,* 676 F.2d 1371 (11th Cir.1982); *Osborne v. United States,* 351 F.2d 111 (8th Cir.1965). Unless a stipulation has not been entered into voluntarily, or its terms violate public policy, or other extenuating circumstances exist, a court will enforce the clear terms of a stipulation of the parties previously approved by the court at the request of the parties. *See*

*United States v. Montgomery,* 620 F.2d 753 (10th Cir.1980), *cert. denied,* 449 U.S. 882, 101 S.Ct. 232, 66 L.Ed.2d 106 (1980). In this case, the parties, represented by competent legal counsel, voluntarily entered into the stipulation. The stipulation does not violate public policy, but rather promotes the public policy in favor of informal resolution of legal disputes. Furthermore, in this case the bankruptcy court is not enforcing the stipulation but denying Kelly's motion to intervene to thwart the clear terms of the stipulation.

■ Paragraph 4 of the stipulation specifically states that, should Kelly fail to honor his obligations under the stipulated settlement, Sellersville would be permitted to pursue its creditor's remedies and that the automatic stay provided by 11 U.S.C. § 362 would be lifted to that extent. The bankruptcy court, at the request of the parties, approved the stipulation and settlement. When the debtor petitioned the Court for a stay of the sale of his property, the bankruptcy court issued a temporary restraining order prohibiting the sale and then held a hearing, wherein the bankruptcy court determined that the stipulation had been violated. Only then did the bankruptcy court deny the debtor's motion and allow the sale to proceed. Under these circumstances, the bankruptcy court has properly exercised its authority to modify the automatic stay pursuant to 11 U.S.C. § 362(d) and the debtor has clearly waived any protection which would have been provided to him by the automatic stay.

■ Equally meritless is Kelly's contention that Sellersville is estopped from exercising its remedies pursuant to the stipulation because it had previously accepted two late payments from him after the entry and filing of the stipulation. (The payment due on July 1, 1982 was tendered on June 21; the payment due on July 1 was paid on July 20; the August 1 payment was not tendered until August 27, at which time default was declared). The debtor has cited no authority for this novel proposition. A party's patience in not exercising its reme-

dies under a stipulation does not somehow deprive it of those remedies. On the contrary, the courts of Pennsylvania have long held that

> the acceptance of a portion of the amount due [in installment payments on a mortgage note] and failure to exact all that was due at that time, cannot be a waiver of the contract, but, at most, is only evidence of a willingness to indulge the debtor.... It has never been held that mere delay of suit, or neglect to rigorously exact his money on the day it is due, is evidence of a waiver of (the creditor's) right to bring foreclosure proceedings.

*Teufel v. Rowan,* 179 Pa. 408; 36 A. 224, 225 (1897). *Accord, Steinman v. La Charty Hotels Co.,* 355 Pa. 444, 50 A.2d 297 (1947); *Atkinson v. Walton,* 162 Pa. 219, 222, 29 A. 898, 899 (1894). Clearly, Sellersville's patience in forgiving Kelly's initial tardiness before its patience was exhausted cannot constitute a waiver of its rights pursuant to the stipulation under the facts of this case.

 Nor does Sellersville's willingness to accept the first two late payments give rise to either a promissory or equitable estoppel. In order to be promissorily estopped from exercising its creditor's remedies pursuant to the stipulation, Sellersville would have had to have promised Kelly that it would continue to accept overdue mortgage payments. *See Langer v. Superior Steel Corp.,* 105 Pa.Super. 579, 161 A. 571 (1932). Kelly does not aver that Sellersville ever made any such promise or representation to Kelly and the record in this matter provides no evidence of any such promise.

Furthermore, Sellersville is not equitably estopped from foreclosure. To constitute an equitable estoppel, it is necessary that the party estopped have done some act or made a declaration inconsistent with the truth, with the design of injuring another, that the party alleging the estoppel was ignorant of the truth and relied on the good faith of such acts and declarations, and that injury will result to him by the denial of estoppel. *See Commonwealth ex rel. Gonzalez v. Andreas,* 245 Pa.Super. 307, 369 A.2d 416 (1976); *Murphy v. Burke,* 454 Pa.

391, 311 A.2d 904 (1973). The record in the instant case provides no evidence of any of the elements which Kelly must prove in order for Sellersville to be equitably estopped from pursuing its clear rights according to the stipulation. Appellant Kelly has not shown that Sellersville accepted late payments in an attempt to mislead him or that he relied on Sellersville to continue to accept late payments, even though Kelly was given a hearing before the bankruptcy court at which time he could have presented evidence in support of his estoppel claim. No such evidence was forthcoming at the hearing.

For the reasons heretofore set forth, the bankruptcy judge committed no error in refusing to enjoin the sheriff's sale contemplated by Sellersville. An appropriate order will be accordingly entered.