**Decided February 5, 1986**

F I L E D
Clerk
District Court

FEB 05 1986

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

 
## APPELLATE DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) | DCA NO. 85-9029 |
| Plaintiff-Appellee, | ) | |
| vs. | ) | |
| LEONORA F. BORDALLO, | ) | |
| vs. | ) | |
| LEONORA F. BORDALLO, | ) | DCA NO. 85-9030 |
| vs. | ) | |
| PEDRO L. CRUZ, | ) | DCA NO. 85-9031 |
| vs. | ) | |
| HENRY V. HOFSCHNEIDER, | ) | DCA NO. 85-9032 |
| vs. | ) | |
| JOVITA EMILE NABORS, | ) | DCA NO. 85-9033 |
| vs. | ) | |
| HEIRS OF JOSE HOCOG, | ) | DCA NO. 85-9034 |
| vs. | ) | |
| ALFONSO S. BORJA, | ) | DCA NO. 85-9035 |
| Defendants-Appellants. | ) | |

## DECISION AND ORDER

Following a judgment in the Commonwealth Trial Court on seven separate but related cases that have been collectively referred to as the Tinian Land Cases the landowners appealed.

The Commonwealth of the Northern Mariana Islands, the appellee in this case, now moves to dismiss. For the following reasons, this motion will be sustained and these appeals will be dismissed.

On May 9, 1985, a stipulation was entered into between the parties in this proceeding in which a trial continuance was granted in exchange for certain promises regarding, inter alia, the progress of the appeal. The pertinent sections of the stipulation for purposes of this motion are paragraphs 3 and 4(a) which state:

> "3. If the case is tried, counsel for landowners will make advance procedural arrangements for the transcript of each trial day to be filed within thirty days of the trial date;
>
> 4. The parties agree to expedite any appeal as follows:
>
> a. The record will be transmitted to any appeals court without extension of the transmittal time prescribed by court rule."

The landowners neglected to have the transcript filed within 30 days after each trial day.

The trial court's judgment in these matters was filed on October 1, 1985. An order denying costs to the landowners was filed on October 29, 1985. On November 29, 1985, the landowners filed their notices of appeal. Twenty-one days later, on December 20, 1985, they ordered the transcript from the Commonwealth Trial Court.

Rule 6(b) of the Appellate Rules of Procedure mandates that a party "shall" order the trial transcript within 10 days

after filing the notice of appeal. The landowner's failure to order the transcript within the time prescribed by tne rule is, within the Court's discretion, sufficient grounds for dismissal of this appeal. Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir. 1980). However, the Court is reluctant to dismiss on this ground alone.

The Commonwealth of the Northern Mariana Islands filed its motion to dismiss on December 11, 1985. The landowners filed their brief in opposition to this motion 42 days later, on January 22, 1986. Rule 13(a) of the Appellate Rules requires a party that wishes to respond to a motion to do so within 10 days after service. Allowing for three additional days to cover mailing time,[1] the landowners had until December 24, 1985 to respond to the Commonwealth's motion. They failed to do so. In a letter dated December 30, 1985, counsel for the landowners informed the Court that a response would be filed "no later than January 10, 1985." (sic) The landowners filed their opposition on January 22, 1986, 12 days after this date.

The landowners' failure to adhere to the Rules of Appellate Procedure as well as the guidelines set out in their stipulation has resulted in a delay of the appeal. A court will enforce the clear terms of a stipulation unless it has not been

---

[1] Appellate Rule of Procedure 11(c).

entered into voluntarily, its terms violate public policy, or other extenuating circumstances exist. Sellersville Savings and Loan Association v. Kelly, 29 B.R. 1016, 1018 (E.D.Penn. 1983). There is no indication that any of these exceptions exist here.

Though the court would be reluctant to dismiss an appeal merely because the appellant failed to timely order the transcript, the circumstances of this case mandate that a dismissal is the only course to take. The landowners' failure to order the transcript on time and to respond to the motion to dismiss on time was in contravention of a stipulation they entered into which, simply put, assured the Commonwealth that they would proceed expeditiously. For these reasons, the Commonwealth's motion to dismiss is GRANTED.

IT IS SO ORDERED.

DATED this _5th_ day of February, 1986.