## Sanders v. Johnston Truck Rental Co., Inc.

*Robert A. Cohen*, for plaintiff.

*G. Robert Moore* and *Eckert, Seamans, Cherin & Mellott*, for defendants.

FLAHERTY, *J.*, June 4, 1975 — This matter is before the court on preliminary objections in the nature of a demurrer to the complaint filed by

Graziano Construction Company, Inc., and Aetna Casualty and Surety Company. Defendant, Graziano Construction Company, Inc., contracted with the General State Authority of the Commonwealth of Pennsylvania for the construction of the Professional Quadrangle at the University of Pittsburgh. Defendant, Aetna Casualty and Surety Company, furnished the General State Authority with a bond guaranteeing the performance of Graziano Construction Company, Inc., and guaranteeing the payment of "sums of money which may be due by the principal or any of his subcontractors to any person, co-partnership, association or corporation for all material furnished and labor supplied or performed in the prosecution of the work . . ." Graziano Construction Company, Inc. entered into a subcontract with defendant, Fowler-McKee Company, Inc., for excavation and back filling work. Defendant, Fowler-McKee Company, Inc., contracted with Johnston Truck Rental Co., Inc. for the carrying away of excess materials from the site. Plaintiff alleges the balance due from defendant, Johnston Truck Rental Co., Inc., in the amount of $5,439. The complaint is made by virtue of bond above referred to.

The language of the bond is quite clear in establishing the obligation thereunder. The question is whether plaintiff falls within the stated class, ". . . any of his (Graziano Construction Company, Inc.) subcontractors."

Plaintiff argues that, notwithstanding the plain language of the bond, the case of McGregor Architectural Iron Co., Inc. v. Merritt-Chapman & Scott Corporations, 150 F. Supp. 323 (1957), should be applied to this type of case and that "subcontrac-

tor" is to be applied to various levels of contracting parties who actually work on the project.

The law of the Commonwealth of Pennsylvania, however, has not developed in such a way as to permit the court to go beyond the rule set forth in Peter J. Mascaro Co. v. Milonas, 401 Pa. 632, 166 A. 2d 15 (1960). In that case, the court said:

" '[T]he obligation of a bond cannot be extended beyond the plain import of the words used': . . . Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning: . . ."

The term "subcontractor" is not defined in the Public Works Contractors Bond Law of November 2, 1967, 80 Stat. 1139, but is defined in the Mechanics' Lien Law, Act of August 24, 1963, P.L. 1175 (No. 497), 49 P.S. §1101, et seq.:

" 'Subcontractor' means one who, by *contract with the contractor*, express or implied, erects, constructs, alters or repairs an improvement or any part thereof; or furnishes labor, . . . or supplies or hauls materials, . . . *The term does not include . . . a person who contracts with a subcontractor* or with a materialman.": 49 P.S. §1201(5). (Emphasis added.)

If the established precedent of our Commonwealth is to be changed, it should be left to our appellate courts to make that change. This court will give the language its plain meaning and not extend the terms beyond the normal meaning of the words used.

For these reasons, this court en banc will enter the appropriate order sustaining the preliminary objections in the nature of a demurrer.

## ORDER

And now, June 4, 1975, upon consideration of the preliminary objections in the nature of a demurrer filed, arguments thereon and briefs presented to the court, the preliminary objections in the nature of a demurrer are hereby sustained and the complaint dismissed.