642 A.2d 584

**R.R. WILMOT, INC., Appellant,**

**v.**

**AMERICAN INSURANCE COMPANY, INC.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1994.

Decided May 18, 1994.

C. Grainger Bowman, for appellant.

Michael A. Ceramella, for appellee.

Before COLINS and SCHULTZ NEWMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

R.R. Wilmot, Inc. (Wilmot) appeals from an order of the Court of Common Pleas of Wayne County which sustained the preliminary objections of the American Insurance Company (American Insurance) and dismissed Wilmot's complaint.

The Quandel Group, Inc. (Quandel) acted as general contractor for the construction of the Western Wayne Middle School, in South Canaan Township, Wayne County. As required by the contract with the Western Wayne School District, Quandel obtained a payment bond with American Insurance acting as surety.

In its complaint, Wilmot alleged the following. Earth and Pipe Construction, Inc. (Earth & Pipe) and Soden & Mardane Excavation, Inc. (Soden & Mardane) entered into subcontracts with Quandel for the performance of certain construction-related services at the project. In or about July 1990, Wilmot offered to supply labor, materials and/or equipment in connection with the contracts between and/or among Soden & Mardane, Earth & Pipe and Quandel. Wilmot supplied labor, materials and equipment to Earth & Pipe through September 18, 1990 and to Soden & Mardane through September 20, 1990.

Wilmot submitted invoices and work orders totalling $150,-241.75 to Earth & Pipe and Soden & Mardane. Of this amount, $76,500.00 had been paid. By letter dated December 13, 1990, Wilmot informed Quandel that $46,449.00 was due and owing from Earth & Pipe and $27,292.75 was due and owing from Soden and Mardane. Wilmot informed Quandel that if payment in full was not received, a claim would be filed against the payment bond.

By letter dated January 7, 1991, American Insurance requested that Wilmot complete proof-of-claim forms and return the forms together with itemization and documentation to support the claim. On March 12, 1991, Wilmot filed an action in the Court of Common Pleas of Wayne County against American Insurance for the unpaid balance of $73,741.25. Wilmot alleged that American Insurance failed to inform

Wilmot of any action it had taken with respect to investigation of the claim. Therefore, Wilmot alleged, American Insurance had effectively denied the claim without justification and breached its obligations to Wilmot under the payment bond.

On June 13, 1991 Quandel sent Wilmot a check in the amount of $46,449.00, the amount Wilmot asserted was due from Earth & Pipe. On December 1, 1992, American Insurance filed preliminary objections to Wilmot's complaint. American Insurance asserted that Quandel entered into a subcontract with Earth & Pipe but at no time did Quandel enter into a contract with Soden & Mardane. American Insurance asserted that to the extent Wilmot performed work for Earth & Pipe, a subcontractor of Quandel, Wilmot's work was covered by the payment bond. American Insurance further asserted that the work Wilmot performed for Soden & Mardane was done for a sub-subcontractor and is beyond the scope of the payment bond and Pennsylvania's Bond Law.[1]

The trial court regarded American Insurance's preliminary objections as being in the nature of a demurrer. The court noted that the language restricting protection under the payment bond followed similar language in the Bond Law which states that coverage on public works projects "shall be solely liable for the protection of claimants supplying labor or materials to the prime contractor to whom the contract was awarded, or to any of his subcontractors ..." Section 3(a)(2) of the Bond Law, 8 P.S. § 193(a)(2). The court also noted that the payment bond was executed and delivered under and subject to the Bond Law. The court found that under the clear language of the payment bond, protection is limited to those performing work for the principal and its subcontractors. Applying the definition of "subcontractor" set forth in *J.W. Bateson Co. v. United States*, 434 U.S. 586, 98 S.Ct. 873, 55 L.Ed.2d 50 (1978), and which was adopted in *Lezzer Cash & Carry, Inc. v. Aetna Insurance Co.*, 371 Pa.Superior Ct. 137, 537 A.2d 857, *petition for allowance of appeal denied*, 519 Pa.

---

1. Public Works Contractors' Bond Law of 1967 (Bond Law), Act of December 20, 1967, P.L. 869, 8 P.S. §§ 191–202.

666, 548 A.2d 256 (1988),[2] the trial court held that Wilmot may not recover for work performed for Soden & Mardane, a second-tier subcontractor.[3] The trial court then sustained the preliminary objections and dismissed Wilmot's complaint. This appeal followed.[4]

■ The sole issue on appeal is whether the trial court erred in sustaining American Insurance's preliminary objections on the basis that Wilmot was not a proper claimant under the payment bond.[5] In reviewing a trial court order sustaining preliminary objections in the nature of a demurrer, this Court's scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Factor v. Goode,* 149 Pa.Commonwealth Ct. 81, 612 A.2d 591 (1992), *petition for allowance of appeal denied,* 533 Pa. 654, 624 A.2d 112 (1993).

Wilmot argues that the trial court erred in sustaining American Insurance's preliminary objections because the payment bond secured by Quandel provides more coverage for subcontractors and assignees of subcontractors than is mandated by the Bond Law. Wilmot argues that the payment bond expressly included Wilmot within its coverage and relies on the following provision:

> NOW, THEREFORE, The terms and conditions of this Bond are and shall be that, if the Principal and any Subcontractor of the Principal to whom any portion of the work under the Agreement shall be subcontracted, and if all

**2.** That definition is as follows: "[A] subcontractor is one who performs for and takes from the prime contractor a specific part of the labor or material requirements of the original contract." *Bateson,* 434 U.S. at 590, 98 S.Ct. at 876.

**3.** Although not explicit in its opinion, it is apparent that the trial court concluded that Soden & Mardane was a subcontractor to Earth & Pipe and had no direct contractual relationship with Quandel.

**4.** This appeal was transferred to this Court after oral argument in Superior Court. Because the appeal involves the application and interpretation of the Bond Law, this Court has exclusive jurisdiction pursuant to 42 Pa.C.S. § 762(a)(4)(i)(A).

**5.** Wilmot makes no argument that it is a protected claimant under the Bond Law.

assignees of the Principal and of any such Subcontractor promptly shall pay or shall cause to be paid, in full, all money which may be due any claimant supplying labor or materials in the prosecution and performance of the work in accordance with the Agreement and in accordance with the Contract Documents, including any amendment, extension or addition to the Agreement and/or to the Contract Documents, for all material furnished or labor supplied or labor performed, then this Bond shall be void; otherwise, this Bond shall be and shall remain in force and effect.

Wilmot specifically relies on the following phrase from the above-quoted paragraph, "and if all assignees of . . . any such Subcontractor promptly shall pay or shall cause to be paid, in full, all money which may be due any claimant supplying labor or materials. . . ."

Although the coverage provided in a bond may exceed the statutory requirements, our Supreme Court has cautioned: "[T]he obligation of a bond cannot be extended beyond the plain import of the words used. . . . Obligations not imposed by the terms of the bond cannot be created by judicial construction or interpretation which extends the terms beyond their normal meaning." *Peter J. Mascaro Co. v. Milonas*, 401 Pa. 632, 635, 166 A.2d 15, 17 (1960) (quoting *Commonwealth, to use v. Fidelity & Deposit Co. of Maryland*, 355 Pa. 434, 437, 50 A.2d 211, 212 (1947)).

In *Nicholson Construction Co. v. Standard Fire Insurance Co.*, 760 F.2d 74 (3d Cir.1985), the plaintiff, a subcontractor to a sub-subcontractor, argued that the phrase "whether, as subcontractor or otherwise," appearing in a payment bond, established an expansive scope for the bond and provided coverage in excess of that required by the Bond Law. The United States Court of Appeals concluded that the phrase "or otherwise" meant only that materialmen as well as subcontractors came within the ambit of the payment bond but that it did not extend the protection of the payment bond beyond that established by the Bond Law. The Court stated that "[c]over-

age beyond that mandated by the statute must be stated in explicit terms." [6]  *Id.* at 77–78.

■ We conclude that the phrase relied upon by Wilmot does not have the specificity required to extend coverage of the payment bond beyond that mandated by the Bond Law. Wilmot, however, argues that Earth & Pipe "assigned" its entire contract to Soden & Mardane. Thus, Soden & Mardane was a first-tier subcontractor and the work Wilmot performed for Soden & Mardane would be covered by the payment bond.

■ A review of the allegations set forth in Wilmot's complaint reveals no allegation that Earth & Pipe "assigned" its entire contract to Soden & Mardane. Wilmot's argument that Earth & Pipe assigned its contract to Soden & Mardane is contradicted by the allegations in the complaint wherein Wilmot alleges that Earth & Pipe and/or Soden & Mardane ordered labor, materials and/or equipment for work within the contract (paragraph 5 of the complaint); that Wilmot supplied labor, materials and equipment to Earth & Pipe and Soden & Mardane (paragraph 7 of the complaint); and that it submitted invoices for payment to Earth & Pipe and/or Soden & Mardane listing specific work orders (paragraph 6 of the complaint). Wilmot also attached the invoices and work orders submitted to both Earth & Pipe and Soden & Mardane as an exhibit to the complaint. Wilmot may not now argue that the trial court erred in determining that Wilmot was not within the protection of the payment bond because Soden & Mardane was an "assignee" of Earth & Pipe's contract.[7]

Wilmot makes an additional argument, that provisions in various contracts entered into by Quandel evidence Quandel's intent to protect Wilmot. Wilmot presented this argument to

---

**6.** *See Redevelopment Authority of City of Philadelphia v. Fidelity & Deposit Co.,* 665 F.2d 470 (3d Cir.1981), wherein a limitation period explicitly set forth in a payment bond, and not the limitation period set forth in Pennsylvania law, prevailed.

**7.** Wilmot did not include its complaint as part of the reproduced record. Pa.R.A.P. 2152 requires that the reproduced record contain any relevant portion of the pleadings.

the trial court which rejected it, stating that the only relevant instrument in the inquiry is the payment bond entered into by American Insurance and Quandel.

We have reviewed the paragraphs of the "General Conditions of the Contract for Construction" between Quandel and Western Wayne School District and the "Standard Subcontract Agreement" between Quandel and Earth & Pipe upon which Wilmot relies. The cited paragraphs in the documents concern the obligations between the general contractor and subcontractors and between subcontractors and sub-subcontractors. These provisions do not serve to extend the protection of the payment bond to claimants who perform work for second-tier subcontractors.

The decision of the trial court is affirmed.

## ORDER

AND NOW, this 18th day of May, 1994, the order of the Court of Common Pleas of Wayne County in the above-captioned matter is affirmed.